# KAREN E. BEZNER
ATTORNEY AT LAW
567 PARK AVENUE
SUITE 103
SCOTCH PLAINS, NEW JERSEY  07076
(908) 322-8484
FAX: (908) 322-0560

September 5, 2017

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
United States Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    Suneet Arora and Janet Arora
             Bankruptcy Case No. 14-28073 (MBK);

             SP Richards Company v. Suneet Arora and Janet Arora
             Adversary No. 15-1894 (MBK);

             Notice Of Motion By SP Richards Company For Derivative Standing And Other
             Relief, Return Date: Wednesday, September 6, 2017 at 10:00 a.m.

Dear Judge Kaplan:

      I am the Chapter 7 Trustee appointed in the above-referenced case. I respectfully submit this short letter memorandum of law in response to the pending motion by SP Richards Company for derivative standing and other relief.

## Summary

      This is a discovery motion filed by a creditor who represents 72% of the creditor body, against third-party entities who are neither parties to this bankruptcy case, nor assets of the debtor estate. The request for derivtive standing, so as to invoke Trustee avoiding powers, does not augment this creditor's ability to collect a debt from these third parties. The request for abandonment which accompanies it does not augment the estate. This creditor has repeatedly refused the Trustee's assistance, in the form of retention as special counsel, purchase of the debtors' LLC membership, and abandonment, in favor of the present request for relief.

      This discovery motion arises in the contest of a complaint to challenge the debtors' discharge. It can best be resolved by granting the restraints sought by the creditor, and by granting relief from the automatic stay, or abandonment, so that this creditor can pursue these third-party entities in an appropriate court.

**Honorable Michael B. Kaplan, U.S.B.J.**
United States Bankruptcy Court
September 5, 2017
Page 2

## Procedural History

The debtors filed their voluntary Chapter 7 petition on September 2, 2014. They filed their schedules on September 15, 2014. At Schedule B, they list two (2) corporate interests:

    Cheap Office Supplies, Inc. - 100% stock ownership - W

    Advanced Office Software, LLC - 100% membership - J

Both of these corporate interests are valued at "$0.00". Both are listed as exempt at Schedule C.

At Paragraph 18 of the Statement of Financial Affairs, the debtors list a total of seven (7) corporate ownership interests, including the two listed on Schedule B. Five of these interests are alleged to be moribund.

SP Richards Company filed proof of claim no. 5 on January 12, 2015 in the amount of $1,285,952.29. This creditor represents 72% of the unsecured creditor body, the balance of which consists of fifteen (15) claims (excluding claim no. 4 by BMW Financial Services) holding total claims of $502,042.90, for a grand total of $1,787,995.19.

SP Richards Company filed a complaint against the debtors in the United States District Court for the District of New Jersey on December 23, 2013, entitled SP Richards Company v. Suneet Arora and Janet Arora and Action Office Supplies, Inc., Civil Action No. 13-CB-07768-MLC-LHG to recover the total sum of $1,285,952.21, together with interest and attorneys' fees and costs. This action was stayed by the filing of the debtors' petition.

This debt is based upon a promissory note executed by Action Office Supplies, Inc. to SP Richards Company, which the debtors guaranteed; and a debt owed by Action Office Supplies, Inc., for goods sold and delivered, also guaranteed by the debtors. These debts are secured by a mortgage against the debtors' residence, which the Trustee has abandoned. The complaint describes the debtors' business activities, and the plaintiff's efforts to obtain discovery regarding these activities and the business activities of entities which the debtors own.

SP Richards Company filed a timely complaint objecting to the debtors' discharge. In four counts, this creditor seeks to deny the debtors' discharge pursuant to 11 U.S.C. Section 727(a)(4)(A) (false oaths); Section 727(a)(3) (failure to keep or preserve recorded information, including books, documents, records and papers from which the debtors' financial condition or business transactions might be ascertained); Section 727(a)(5) (failure to satisfactorily explain the loss of assets or the deficiency of assets to meet the liabilities incurred); and Section 727(a)(2)(A) (with intent to hinder, delay or defraud a creditor or an officer of the estate, have transferred, removed, destroyed, mutilated or concealed property of the debtor in the one-year period prior to the date of the filing of the bankruptcy petition).

At Paragraph 41 of the complaint, SP Richards alleges, at Paragraph 41, that "AOS has value, is a going concern, may be available to liquidate, or be re-purchased by the debtors to generate proceeds for a distribution to creditors".

**Honorable Michael B. Kaplan, U.S.B.J.**
United States Bankruptcy Court
September 5, 2017
Page 3

The complaint also describes a presentation made by Suneet Arora to SP Richards Company, to solicit the plaintiff's purchase of certain intellectual property "consisting of registered domain names that he stated were offered for sale in a bundle package for $1.3 million". At Paragraph 43, the complaint states that Mr. Arora represented that he or one of his affiliated companies had ownership and control of these domain names. Moreover, "Mr. Arora represented that he or some of his affiliated companies owned each of these domain names as assets, and he had title that he could transfer to SP Richards Company if they were interested in making the purchase.". Paragraph 45. The complaint also examines certain particular financial transactions which are deemed to "suspicious".

Through this motion, SP Richards Company seeks

(1)  Derivative standing to pursue avoidance, fraudulent transfer and alter-ego litigation.

(2)  An order compelling the Trustee to abandon all right, title and interest in avoidance, fraudulent transfer and alter-ego litigation.

(3)  Leave to amend its adversary complaint.

(4)  Injunctive relief pursuant to 11 U.S.C. Section 7065, to restrain the debtors from destroying, dissipating or transferring property without explicit permission from the Bankruptcy Court, or alternatively;

(5)  Relief from the automatic stay pursuant to 11 U.S.C. Section 362(d).

The proposed amended complaint describes inter company transactions among the companies listed in the debtors' Statement of Financial Affairs, and cites gross receipts for Action Office Supplies, Inc., as well as individual personal transactions by the Aroras. The complaint describes the Arora's personal income tax returns as disclosing adjusted gross income as follows:

       2010   $92,672.00
       2011   $91,847.00
       2012   $59,290.00
       2013   $ 2,541.00

The complaint alleges that the Aroras own and control JJS Associates, LLC, an entity owned by two unrelated individuals, which appear to be connected to the Aroras by email and other communications. That company was formed on September 12, 2013 and registered a trade name of "Cheap Office Supplies". The registration was paid by the debtors through an Action Office Supplies bank account which the debtors had not previously disclosed. In addition, other trade names, including "Action Office Supplies" and "Ultimate Office Supply" were registered.

Moreover, when JJS formally ceased all operations in December, 2015, its owner testified that the assets of the company were transferred to another company owned by him, Jersey Delivery Services, LLC, which engages in the same business and utilizes the same domain names, to service the same customers as before. Brief, Paragraphs 92, 93 and 94.

**Honorable Michael B. Kaplan, U.S.B.J.**
United States Bankruptcy Court
September 5, 2017
Page 4

In short, SP Richards Company alleges that the debtors transferred $1.5 in sales to JJS to conceal these entities from the bankruptcy Trustee.  See Paragraph 82, Page 15 of the proposed amended complaint.

The proposed amended complaint contains the same objections to discharge as the original complaint, but also seeks injunctive relief to restrain the defendants from "using, dissipating, transferring, hypothecating or otherwise deleting, destroying or disposing" of the property owned by their companies.  It also seeks injunctive relief in order to preserve evidence.

### Request For Derivative Standing/ Property of the Estate

SP Richards Company wants to pursue avoidance, fraudulent transfer and alter-ego litigation on behalf of the debtors' bankruptcy estate.  In connection with that request, plaintiff also seeks injunctive relief restraining the transfer of assets and financial information.  In support of this request, plaintiff points to "an established pattern and practice of concealing assets from the bankruptcy estate" allegedly committed by the debtors.  See Certification of Rosaria A. Suriano, Esq., Paragraph 6.  Plaintiff also alleges that "the debtors are using AOS to engage in retaliatory conduct against SP Richards Company for its pursuit of the adversary proceeding. Specifically, AOS has stopped processing orders sent by SP Richard's dealer customers through the AOS "dealer commander" software platform".  Certification of Rosaria A. Suriano, Esq., Paragraph 7.  Other tortious conduct which has allegedly resulted in injury to plaintiff and/or the estate is alleged at Paragraph 8, 9 and 10.  This conduct also diminishes the value of AOS.  Paragraph 11.  The debtors have allegedly threatened to transfer all of the assets of AOS, including its customer lists and business records, to a third party.

SP Richards Company first made this demand in counsel's letter dated July 24, 2017, a copy of which is annexed hereto as Exhibit A.  In that letter, counsel specified that derivative standing would be used to pursue assets of the debtors' estate.  No such specification is contained in the present motion, which seeks simultaneously to compel abandonment of the assets.  If these avoiding powers are granted to SP Richards Company, they must be used for their statutory purposes:  to augment the debtor's estate, and not to give one creditor a litigation advantage against third parties.

A creditor or committee may be granted derivative standing to pursue avoidance actions in a Chapter 11 case where a trustee fails to do so.  Official Committee of Unsecured Creditors of Cybergenetics Corp. v. Chinery, 330 F.3d 548, 568-69 (3d Cir. 2003).  To satisfy the requirement in Cybergenetics that demand be issued to the trustee for action prior to the filing of such a motion, plaintiff issued its letter of July 24, 2017, summarizing the result of its discovery, and demanding that the trustee take immediate action to recover the fraudulent transfers represented by the debtors' use of AOS to transfer their company operations to JJS.  Brief, Paragraph 106 and 107.

This request is inconsistent with the request that the Trustee abandon the assets which are the target of the avoiding powers.

**Honorable Michael B. Kaplan, U.S.B.J.**
United States Bankruptcy Court
September 5, 2017
Page 5

## Property of the Estate

However, a transfer by AOS of its assets, records and customers to another business would not necessarily constitute a fraudulent transfer of assets of this estate. The estate owns the debtors' ownership interests in Cheap Office Supplies, Inc. and Advanced Office Software, LLC, but does not own the property, records, or customer lists of these entities. The courts are fairly uniform in acknowledging that the debtors' membership interest, and not the assets of the LLC itself, constitute property of the estate under 11 U.S.C. Section 541(a). See In re McCormick, 381 B.R. 594, 602 (Bankr. S.D. N.Y. 2008) (the debtor's property interest in the LLC is confined to the intangible rights of ownership allowed under the New York Code). In that case, the court declined to extend the automatic stay to the LLC's owned by the debtor, describing such relief as relegated to "extraordinary" circumstances.

Accordingly, the estate does not own the assets of the LLC's, but only the debtors' membership interests therein. Plaintiff does not limit its request to the value of the debtors' membership interests, but seeks to recover assets, records, customer lists and other items of value from third party LLC's which are not parties to this bankruptcy case.

The only asset represented by these companies is the value of the debtors' membership interests in these companies. Plaintiff acknowledged the same when it made an offer to purchase the debtors' membership interest from the Trustee. A copy of a letter dated October 17, 2016 from predecessor counsel to plaintiff, offering to purchase these interests for the sum of $25,000.00 is annexed hereto as Exhibit B. My notes on the matter indicate that I was attempting to obtain $35,000.00 for these membership interests. I also offered the debtors the opportunity to purchase their membership interests in these entities, but they declined because, as counsel explained, they did not have the funds.

## The Use Of The Trustee's Avoidance Powers

Moreover, plaintiff does not say which, if any, of the trustee's avoidance powers it intends to use to effect this result. Those powers are described at 11 U.S.C. Section 544, as (1) a creditor holding a judicial lien; (2) a levying creditor with execution returned unsatisfied and (3) a bonafide purchaser of real property. In addition, the Trustee is entitled to recover preferential transfers, 11 U.S.C. Section 547 and fraudulent transfers, 11 U.S.C. Section 548, can avoid the fixing of a statutory lien against property of the debtor, 11 U.S.C. Section 545, obtaining turnover of property of the estate, Section 542 and the avoidance of post-petition transfers of property of the estate, Section 549. The only such actions which appear to apply to plaintiff's case is the recovery of fraudulent transfers. That right is already available to plaintiff as a creditor under state law.

No property of the estate is implicated by plaintiff's motion. The motion is really a discovery motion, based upon the debtors' non-production of business records.

The gross receipts of a company is not the same thing as its value. I explained my position on that issue to plaintiff's counsel in my email dated July 31, 2017, a copy of which is annexed hereto as Exhibit C. The value of the debtor's ownership interest in the corporate entities is not necessarily exempt; if the debtors undervalued their ownership interests, the Trustee is free to take any value over and above the exempted amount. The debtors have valued their interests at $0.00.

**Honorable Michael B. Kaplan, U.S.B.J.**
United States Bankruptcy Court
September 5, 2017
Page 6

### Retention of Special Counsel

In addition, I also offered to retain counsel for the plaintiff as my special counsel, to prosecute any causes of action which would produce an asset for this bankruptcy estate, or to exercise trustee avoiding powers against assets of the estate. Counsel has stated that this offer represented a "conflict of interest", see Brief, Page 22, Paragraph 108, Certification of Rosaria Suriano, Paragraph 36; but in fact, no conflict of interest is inherent in the retention of special counsel. This appears to be simply a litigation decision made by the client and its counsel.

### Abandonment Of Assets Of The Estate

Plaintiff's motion also seeks abandonment of any causes of action directed against the corporate entities owned by the Aroras. I have offered to issue such an abandonment, and my proposal is annexed hereto as Exhibit D. This proposal was rejected, because it doesn't contain particular language that plaintiff's counsel wanted, according to Ms. Suriano's certification. In fact, I was never requested to add any language to the notice of abandonment; it was simply rejected out of hand, and the creditor vowed to object to it.

### Conclusion

In short, throughout the course of this case, I have offered the plaintiff every opportunity to (a) exercise the trustee's avoiding powers through use of special counsel; (b) purchase the debtor's membership interest from the estate and (c) abandon any causes of action pertaining to the debtor's companies. All of these alternatives were rejected.

### Request For Extension of the Automatic Stay

Finally, the plaintiff seeks an extension of the automatic stay provided under Section 362 of the Bankruptcy Code to the debtors' corporate entities. As stated above, this extraordinary relief is usually denied, especially where no direct impact on a pending Chapter 11 case is shown.

Protection of the automatic stay could also be obtained by the filing of petitions for each of the affiliated companies, using the trustee's ownership of the debtors' membership interests as authority to do so. This alternative would create several further active cases for which additional discovery would be required to complete schedules and statement of financial affairs. This would greatly multiply the litigation which, in the end, is limited to objections to the debtors's discharge. There is no evidence of value to this estate, or the estate of the proposed trustee-filed entities.

Plaintiff should request relief from the automatic stay (if indeed the automatic stay is applicable), to continue their litigation in District Court against the debtors' corporate entities. The Trustee will not oppose such relief.

Respectfully submitted,

/s/ Karen E. Bezner
Karen E. Bezner

KEB/mo
Enclosures
cc:   Rosaria A. Suriano, Esq.
      David Meth, Esq.
      Martha Hildebrandt, Esq.
      Michael Artis, Esq.