| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Rosaria A. Suriano, Esq. (RAS2843)<br>**BRACH EICHLER, L.L.C.**<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068-1067<br>(973) 403-3129<br>*Attorneys for Plaintiff S.P. Richards Company* | |
| In Re:<br><br>SUNEET ARORA and JANET ARORA,<br><br>                      Debtors. | Case No.:    14-28073 (MBK)<br><br>Chapter 7<br><br>Hon. Michael B. Kaplan, U.S.B.J. |
| S.P. RICHARDS COMPANY,<br><br>                      Plaintiff,<br><br>v.<br><br>SUNEET ARORA and JANET ARORA,<br><br>                      Defendants. | Adv. No.:    15-1894 (MBK) |
| ADVANCED OFFICE SOFTWARE, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>S.P. RICHARDS COMPANY and ECI<br>SOFTWARE SOLUTIONS, INC.,<br><br>                      Defendants. | Adv. No.:    17-1471(MBK) |

**SP RICHARDS COMPANY'S REPLY IN FURTHER SUPPORT OF ITS APPLICATION FOR INJUNCTIVE RELIEF, INCLUDING (1) THE APPOINTMENT OF A RECEIVER OR SPECIAL FISCAL AGENT TO MANAGE AND OVERSEE THE ASSETS OF ADVANCED OFFICE SOFTWARE, LLC AND ONLINE VENTURES USA, LLC; AND (2) ALL INJUNCTIVE RELIEF SOUGHT IN SPR'S APPLICATION OF AUGUST 25, 2017; *OR IN THE ALTERNATIVE* (3) THE ENTRY OF AN ORDER SHORTENING THE TIME PERIOD TO CONSIDER THE ENTIRETY OF SPR'S APPLICATION OF AUGUST 25, 2017**

SP Richards Company ("SPR") respectfully submits as follows:

**PRELIMINARY STATEMENT**

1. On July 24, 2017, SPR wrote to the Trustee detailing the nature and extent of the fraud uncovered by SPR involving the pre-petition transfer of the Debtors' corporate interests, Action Office Supplies, Inc., Cheap Office Supplies, Inc. and Ultimate Office Supply, LLC (the "Companies"), to the entity, JJS Associates, LLC ("JJS"), an entity created within one (1) year of the Debtors' Bankruptcy Petition. *[See Bankr. Docket Entry # 64-1]*

2. Upon receipt of this letter, the Trustee contacted this Firm and offered to engage Brach Eichler as Special Counsel to the Trustee. SPR considered the Trustee's proposal, and discussed the proposal with SP Richards and advised the Trustee that we would get back to her.

3. Before we were able to get back to the Trustee about a special counsel arrangement, on July 28, 2017, the Trustee informed counsel for SPR and the Debtors of her opinion that "SP Richards is free to sue these companies [Action, Cheap, Ultimate Office Supply, JJS and Jersey Delivery Services, LLC] in state court," without first obtaining relief from the automatic stay. *[Suriano Reply to Trustee at Ex. "A"].* For the reasons set forth in its Brief filed on August 25, 2017, SPR disagreed with this opinion and advised the Trustee if its disagreement. *[Bankr. Docket Entry # 58 at Pages 25-28].*

4. During this same e-mail chain between the parties, the Trustee further stated to both counsel for SPR and the Debtors of her belief that "[t]he allegations of fraudulent transfers

and preferences," advanced by SPR in its July 24, 2017 letter may be "time barred." *[See Bankr. Docket Entry # 64-1].* For the reasons set forth in its Brief filed on August 25, 2017, SPR also disagreed with this opinion as it did not factor in equitable tolling and the inability to uncover the fraud until only recently. *[Bankr. Docket Entry # 58 at Pages 29-32].*

5.  On August 9, 2017, the Trustee forwarded counsel to SPR and the Debtors her proposed abandonment of the Bankruptcy Estate's interest in "Action Office Supplies, Inc., Cheap Office Supplies, Ultimate Office Supply, JJS Associates, LLC and any other entity related to the foregoing." In its e-mail, the Trustee stated that:

> Because this lawsuit is essentially a 2-party affair, I don't think my participation adds anything to the likelihood of recovery. Nor should the plaintiff be compelled to share the eventual recovery with other creditors of this estate. **I would really like to close this case and suggest that the plaintiff reject my offer to retain Ms. Suriano's firm as special counsel.**

*[See Bankr. Docket Entry # 64-1 (emphasis added)]*

6.  Based upon these positions raised by the Trustee, which were duly disclosed to Debtors' attorney, SPR became concerned about the potential for conflicts of interest that may arise between the Trustee and SPR that would prohibit this Firm's simultaneous representation of the Trustee and SPR.

7.  On this basis, and because derivative standing will ultimately achieve the same goal, on August 25, 2017, SPR moved for derivative standing to pursue these fraudulent transfer claims directly on behalf of the Debtors' estate, or in the alternative to **(a)** compel the Trustee to abandon those claims and so that SPR can pursue them directly in another forum; and **(b)** grant SPR relief from the automatic stay so it can name the Debtors individually in any State Court Action. *[Bankr. Docket Entry # 58].*

8. Contrary to the Trustee's position, this relief is not inconsistent. Although the Bankruptcy Court is the most appropriate forum to bring these claims, unless the Trustee intervenes or the Court grants SPR derivative standing, SPR will be unable to proceed directly against any party involved in the fraudulent transfer of assets in the Bankruptcy Court, and all claims will have to be abandoned by the Trustee in order for SPR to pursue them directly in another forum.

9. At the time that this application was made, SPR was willing to accept either derivative standing or an Order compelling the abandonment of all avoidance litigation, together with relief from the automatic stay to bring direct claims against the Debtors' outside of the Bankruptcy Court.

10. However, after we learned that AOS was transferring its property and assets outside of the reach of creditors and interfering with SPR's ability to service its customers, SPR was forced to seek emergent relief from the Bankruptcy Court. *[Adv. Docket Entry # 55].*

## BASIS FOR RELIEF REQUESTED

**A.    Extension of Automatic Stay**

The automatic stay imposed by a debtor's bankruptcy filing prohibits, among other things, the "exercise [of] control over property of the estate[.] 11 U.S.C. § 362(a)(3). *See also In re: Nicole Gas Production, Ltd.*, 519 B.R. 723, 738 (Bankr. S.D. Ohio E. Div., 2014). The Bankruptcy Code's "reference to 'property of the estate includes 'interests of the debtor in property' as of the commencement of the bankruptcy case. A debtor's interest in a limited liability company also becomes property of the estate, pursuant to 11 U.S.C. §541(a)(1). *In re First Protection, Inc.*, 440 B.R. at 830; *see also In re B & M Land Livestock, LLC*, 498 B.R. 262

(Bankr. D. Nev. 2013); and *In re: Rabinowitz,* 2011 WL 6749068, *10 (Bankr. D.N.J., Dec. 21, 2011) (holding that "a membership interest in an LLC is personal property").

Where the Bankruptcy Estate inherits 100% of the membership interest in a closely held limited liability company by virtue of the Bankruptcy of its principal, the Trustee obtains all rights, "including the right to control the management of the LLC," including "all governance of that entity, including decisions regarding liquidation of the entity's assets." *In re: Albright*, 291 B.R. 538, 540-41 (Bankr. D. Col. 2003).

At issue in the Non-Dischargeability proceeding between SPR and the Debtors is whether AOS is entitled to a Chapter 7 discharge, and whether the Debtors are entitled to exempt AOS from their Bankruptcy Estate. The Trustee has not abandoned the Bankruptcy Estate's interest in AOS or sought to assume control over the assets of AOS. Instead, the Trustee has allowed the Debtors to operate and profit from this entity since the petition date. Further, this Court has not had the opportunity to adjudicate the Adversary Proceedings or conclusively determine whether the Debtors are entitled to exempt AOS from their Bankruptcy Estate.

While SPR respectfully submits that, based upon the extent of fraudulent conduct revealed by SPR to date, the Debtors will not be able to exempt AOS as an asset of their Bankruptcy Estate, since the Trustee has not assumed control over the assets of AOS, the Debtors have been allowed to dilute the value of their membership interest in AOS to the detriment of all creditors. Pursuant to 11 U.S.C. § 362(a), the automatic stay applies to "any act to obtain possession of property or the estate **or to** exercise control over property of the estate." **(emphasis added).** Indeed, Bankruptcy Courts have applied the automatic stay to non-debtors when action taken by or against "the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *See Queenie Ltd. v. Nygard Intern*, 321 F.3d. 282, 287-88

($2^d$ Cir. 2003) (applying automatic stay to claims asserted against Debtor's wholly-owned corporation).  *See also A.H. Robins Co. v. Piccinin*, 788 F.2d. 994, 999 (4th Cir. 1986) (extending automatic stay to actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant…").

The Debtors are continuing to exercise dominion and control over the assets of AOS notwithstanding their claim that these assets have been assumed by Sparken.  The record before this Court establishes that Debtors continue to control these assets via AOS's servers in Chicago, Illinois.

On this basis, the application of the automatic stay to (a) restrain and enjoin the Debtors from transferring the assets of AOS to any third parties; or (b) to appoint a receiver/special fiscal agent to manage, control and oversee the assets of AOS during the pendency of these Adversary Proceedings is clearly appropriate.  Moreover, as long as the Trustee takes no action to assume control over the assets of AOS during the pendency of this Bankruptcy, no conflict will exist between the Trustee and the receiver/special fiscal agent.

On this basis, SPR respectfully requests that the Court take immediate action to restrain the Debtors from taking any further actions that devalue AOS, including the transfer of any

- 7 -

assets to Sparken or any other third party and to appoint Receiver/special fiscal agent.

          Respectfully submitted,

          **BRACH EICHLER L.L.C.**
          Attorneys for Creditor/Plaintiff
          SP Richards Company


          By: /s/ Rosaria A. Suriano, Esq.
             Rosaria A. Suriano, Esq.
             101 Eisenhower Parkway
             Roseland, NJ 07068
             Tel: (973) 228-5700
             Fax: (973) 228-7852
             E-mail: rsuriano@bracheichler.com

Dated: September 5, 2017